# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| EDUCATION CORPORATION OF AMERICA, | ) Case No. 20-10034 (BLS) |
| Alleged Debtor. | ) Proposed Hearing Date: 2/19/20 @ 1:30 p.m.<br>) Proposed Obj. Deadline: 2/19/20 @ 10:00 a.m. |

## PETITIONING CREDITORS' MOTION TO DISMISS
## INVOLUNTARY CHAPTER 11 PETITION

Monroe Capital Credit Fund II LP ("Monroe"), Reputation Partners LLC, and BSF Richmond, LP (collectively, the "Petitioning Creditors"), by and through undersigned counsel, hereby submit this motion (the "Motion") to dismiss the involuntary petition filed by the Petitioning Creditors against alleged debtor, Education Corporation of America ("ECA"). In support thereof, the Petitioning Creditors respectfully state as follows:

### PRELIMINARY STATEMENT

1. The Petitioning Creditors commenced this involuntary bankruptcy proceeding against ECA for the sole purpose of maximizing the value of ECA's largest remaining asset, $80 million of insurance policies covering claims that could be asserted against the directors and officers of the Receivership Entities (collectively, the "D&O Claims"). In furtherance of that goal, the Petitioning Creditors, and Monroe in particular, were willing to provide funding to permit a chapter 11 trustee to pursue the D&O Claims for the benefit of all of ECA's creditors.

2. The Petitioning Creditors believed, based on the history of ECA's pending receivership (the "Receivership"), that a new steward of ECA's remaining assets was required to maximize value. As is evidenced by the pleadings filed by both sides in this proceeding, the relationship between Monroe and the incumbent receiver (the "Receiver") is severely damaged and Monroe has lost confidence the Receiver will achieve the best value for the D&O Claims.

6573508

3.      The Receiver has fiercely opposed the Petitioning Creditors effort to seek a new fiduciary to pursue the D&O Claims.  That fierce opposition has made it clear that to continue with the pursuit of the involuntary petition, including litigating over the involuntary petition itself threatened to be value destructive to the D&O Claims, the exact opposite result the Petitioning Creditors want to achieve.  Notwithstanding the Petitioning Creditors' belief as to what is in their collective best interests (and by extension, the best interests of all creditors), the Petitioning Creditors have made the decision that to preserve the value of ECA's only remaining and most valuable asset, the involuntary petition should be withdrawn and the value destructive litigation avoided.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a) and 303(j) of the Bankruptcy Code.

## BACKGROUND

6.      On October 5, 2018, VC Macon, GA, LLC, ECA's Macon, GA landlord, filed a civil action against the Receivership Entities and commenced the civil action styled VC Macon, GA LLC v. Virginia College LLC, CA 5:18-cv-00388-TES et al. pending in the United States District Court for the Middle District of Georgia.

7.      On November 6, 2018, ECA and certain of its affiliates (collectively, the "Receivership Entities") filed an *Emergency Motion for the Appointment of a Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction* (the "Receivership Motion") seeking the appointment of a receiver in the Receivership.  The Receiver was appointed pursuant

6573508

to an Order dated November 14, 2018 (the "Receivership Order").

8.   On January 6, 2020 (the "Petition Date"), the Petitioning Creditors filed an involuntary chapter 11 petition against ECA (the "Involuntary Petition").

9.   In response, the Receiver filed, among other things, the *Receiver's Motion for Abstention from Involuntary Petition under 11 U.S.C. § 305, or Alternatively Dismissal under 11 U.S.C. §§ 303 and 1112(b)* [D.I. 10] (the "Abstention Motion").

10.   Following an initial status conference with the Court and good faith discussions between counsel for the Receiver and counsel for the Petitioning Creditors regarding scheduling, the Petitioning Creditors, on February 4, 2020, filed their *Motion of Petitioning Creditors for Appointment of a Chapter 11 Trustee* [D.I. 26] (the "Trustee Motion").

11.   After a further status conference on the Abstention Motion and the Trustee Motion on February 6, 2020, the Court scheduled a hearing on the Abstention Motion for February 19, 2020 at 1:30 p.m.

12.   Although the Petitioning Creditors continue to believe in the merits of the Involuntary Petition and the Trustee Motion, after considering the Court's concerns, as well as the significant expense required to prosecute the Abstention Motion and the Trustee Motion separately, the Petitioning Creditors no longer believe that the prosecution of the Involuntary Petition is the most efficient way forward.

## RELIEF REQUESTED

13.   The Petitioning Creditors request that the Court dismiss the Involuntary Petition and this chapter 11 case. Granting the Motion will result in prompt resolution of this case and will minimize the burden on the Court and the parties related to a case that no party believes should go forward.

**BASIS FOR RELIEF**

14. Cases involving the voluntary dismissal of an involuntary petition are rare. Section 303(j) provides that the Court may dismiss an involuntary petition "(1) on the motion of a petitioner, (2) on consent of all petitioners and the debtor, or (3) for want of prosecution." 11 U.S.C. § 303(j). Section 303(j) provides no "standard" by which courts must evaluate requests for dismissal of an involuntary petition. *Collier* provides little additional color, noting only that "reasons for dismissal include the creditor's realization that it is not qualified to serve as a petitioning creditor . . . or that the involuntary filing is not a wise idea, although permissible under applicable law." 2 *Collier on Bankruptcy* ¶ 303.34, at 303-116 (Richard Levin & Henry J. Sommer eds., 16th ed).

15. As suggested by *Collier*, the dismissal of the Involuntary Petition is warranted here because the Petitioning Creditors have concluded that continued prosecution of the Involuntary Petition will only lead to value-destructive litigation that ultimately could harm the value of the D&O Claims that the Involuntary Petition was filed to preserve. Dismissal will preserve the limited resources of the Receivership and will result in significant savings to both parties by avoiding the time and expense associated with discovery and prosecuting multiple motions across a two-stage hearing process. Given these savings and because the Petitioning Creditors no longer wish to proceed with the prosecution of the Involuntary Petition, dismissal is warranted.

**NOTICE**

16. Notice of this Motion shall be provided to (i) the U.S. Trustee; (ii) counsel for the Receiver; and (iii) any parties that has entered a notice of appearance in this bankruptcy case. Contemporaneously herewith, the Petitioning Creditors are filing a motion to shorten and limit

notice to these parties, who are the only parties that have appeared or participated in this proceeding. Under the circumstances, the Petitioning Creditors respectfully submit that no other or further notice is necessary.

## NO PRIOR MOTION

17. The Petitioning Creditors have not made any prior motion for the relief sought in this Motion to this Court or any other.

## CONCLUSION

**WHEREFORE**, the Petitioning Creditors respectfully request entry of the proposed Dismissal Order, attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court may deem just and appropriate.

Dated: February 14, 2020
       Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: jryan@potteranderson.com
       rmcneill@potteranderson.com

-and-

**VEDDER PRICE P.C.**
Michael M. Eidelman *pro hace vice pending*
222 N. LaSalle Street, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 609-7500
Facsimile: (312) 609-5005
Email: meidelman@vedderprice.com

*Attorneys for the Petitioning Creditors*

6573508